FORRESTER PLASTER CO. V. CLEVELAND (CITY) ET AL.

1. LESSEE OF LAND NOT ENTITLED TO ENJOIN IMPROVEMENT PROCEEDINGS.

   A tenant for years of premises abutting upon a proposed improvement within a municipal corporation is not an "owner" within the intendment of the statutes regulating such matters and is not entitled to notice of a resolution declaratory of intention to make said improvement.

ERROR to Cuyahoga common pleas court.

**Weed, Miller & Nason,** for plantiff in error.

**W. D. Wilkin,** for defendant in error:
Cited and commented upon the following authorities. *Davis* v. *Cincinnati,* 36 Ohio St. 24; *Tracy* v. *Reed,* 38 Fed. Rep. 69; *Myers* v. *Akins,* 4 Circ. Dec. 425 (8 R. 228); *Cincinnati College* v. *Yeatman,* 30 Ohio St. 276; *East End Bank. & Tr. Co.* v. *Cleveland,* 14 Dec. 33 (1 N. S. 493), affirmed by circuit court without report, November 4, 1903, 49 Bull. 33; *Wood* v. *Pleasant Ridge,* 5 Circ. Dec. 516 (12 R. 177).

**WINCH, J.**

The plaintiff is the lessee for a term of years, expiring in 1922, of certain premises on the westerly side of Kirtland street in the city of

Cleveland, and brought its action in the common pleas court to enjoin the grading and improvement of said street in front of said premises and the levying of assessments thereon to pay for the same. The petition alleges that the improvement and assessment are illegal, because:

1. No notice of the resolution of the council declaring its intention to make the improvement was ever served upon the plaintiff, though it is a resident of the county and in possession of the premises under a recorded lease.

2. The proposed improvement would be of little benefit to the land and the assessment is excessive.

3. Irregularity in the proceedings in that the council without authority of law referred the apportionment and assessment of the cost of the improvement to the board of public service, to be determined by it.

4. Unfair assessment of the cost as between the abutting owners.

5. Unlawful method of making the assessment.

A demurrer to this petition was sustained and judgment being entered for the defendant, the case is here on error.

The only question raised by the demurrer is whether a tenant for years of premises abutting upon a proposed improvement within a municipal corporation is an "owner," within the intendment of the statutes regulating such matters. The rights of an owner are twofold: to resist an excessive or illegal assessment upon his property and to recover damages, if he suffer any by reason of the improvement. The claims in the petition fall into these two classes. The first claim, lack of notice, covers both classes, and is jurisdictional. The second claim has regard to the question of damages or the taking of property without due compensation, and the third, fourth and fifth claims are respecting illegality in the assessment.

These latter claims may be dismissed with a word; the assessment is not made against the lessee, but against the landlord. There is no claim in the petition that plaintiff has in any way obligated itself to pay special assessments upon the demised premises. The argument that the landlord might fail to pay the assessment and so the land be sold to satisfy the lien upon it, finds no support in the petition. There is no allegation that the landlord is irresponsible, and, indeed, it would seem that the rent coming to him under the lease might furnish sufficient funds to pay the assessment, if he has no other funds.

The petition, therefore, shows no irreparable damage likely to result to plaintiff by reason of the assessment.

### Plaster Co. v. Cleveland.

Little need be said with regard to the claim for damages. Plain-. tiff is not without adequate remedy at law to recover any damages it may suffer by reason of this improvement. This proposition is con-. ceded by defendant's counsel and sustained by the authorities.

It remains to consider whether plaintiff was entitled to notice of the declaratory resolution, for it is well settled that without such notice to a resident "owner," the entire proceedings are void as concerns him and an "owner" is entitled to an injunction under such circumstances, for the reasons stated in the case of *Joyce* v. *Barron,* 67 Ohio St. 264 [65 N. E. Rep. 1001].

We see no reason in favor of extending the meaning commonly given to the word "owner" as being the one having the title in fee of land so as to include the owner of lesser interests therein by lease or mortgage. No good purpose would be subserved, for we have already seen that the rights of others in the land are fully protected by the law without the service of notice upon them. On the other hand delay and expense in the making of public improvements would be occasioned if the municipality had to procure abstracts of title for all abutting lands and serve notice upon every person claiming an interest therein before it could proceed with its improvements.

It has been held, it is true, that a mortgagee of land damaged by a street improvement may maintain an action to recover therefor, notwithstanding the owner has been served with notice and recovered damages on his own account. *Big Four Bldg. & Sav. Co.* v. *Cincinnati,* 12 Dec. 218. Also that the interest of a mortgagee in land appropriated by a municipality cannot be taken from him without due process of law. *Harrison* v. *Sabina* (*Vil.*), 1 Circ. Dec. 49 (1 R. 49).

But these decisions are based upon the constitutional provision that no man's property shall be taken from him without compensation therefor, and upon the general proposition that he is entitled to notice of any proceedings which may be instituted for the purpose of divesting him of his rights.

Judge Spear points out in *Joyce* v. *Barron, supra,* that the legislature has provided for notice of the pendency of street improvement proceedings to the owner of land for two reasons, first, to give the abutter a voice in the determination of the kind of improvement to be made and second, to give him a *speedy* determination of any claims for damages which he may make, so that he may use his damages to pay his assessment.

In our opinion the legislature has not seen fit to extend to others

than owners in fee any voice as to the character of the improvement and has not given them the benefit of the speedy determination of damages which the owner enjoys. A sound discretion in this respect has not resulted in depriving mortgagees or lessees of any rights which, as before stated, they are not entitled to maintain at law.

Judgment affirmed.

**Henry** and **Marvin, JJ.**, concur.

---

## BILL OF EXCEPTIONS—ERROR.